MARY'S OPINION HEADING 








NO. 12-09-00135-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

KENNETH DEXTER
FOLMAR,                §                      APPEAL FROM THE SECOND

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF
TEXAS,

APPELLEE                                                   §                      CHEROKEE
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

PER
CURIAM

      Kenneth
Dexter Folmar appeals his conviction for aggravated sexual assault, following
the revocation of his deferred adjudication community supervision, for which he
was sentenced to imprisonment for fifty years.  Appellant’s counsel filed a
brief in compliance with Anders v. California, 386 U.S. 738, 87
S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous v. State, 436
S.W.2d 137 (Tex. Crim. App. 1969).  We dismiss the appeal.

 

Background

            Appellant
was charged by indictment with aggravated sexual assault and pleaded guilty. 
The indictment alleged that Appellant penetrated the sexual organ of a child
with his sexual organ.[1]  The trial
court deferred adjudicating Appellant guilty and ordered that Appellant be
placed on community supervision for eight years.  The State filed a motion to
proceed to final adjudication, alleging that Appellant had violated certain
conditions of his community supervision.  The trial court conducted a hearing
on the State’s motion.  After the hearing, the trial court found that Appellant
had violated the conditions of his community supervision as alleged in the
State’s motion.  The trial court subsequently revoked Appellant’s community
supervision, adjudicated Appellant guilty of aggravated sexual assault, and
sentenced Appellant to imprisonment for fifty years.  This appeal followed.

 

Analysis Pursuant to Anders v. California

            Appellant’s
counsel filed a brief in compliance with Anders v. California and
Gainous v. State.  This brief demonstrates that counsel has
diligently reviewed the appellate record and is of the opinion that the record
reflects no reversible error and that there is no error upon which an appeal
can be predicated.  In compliance with Anders, Gainous,
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978),
Appellant’s brief presents a chronological summation of the procedural history
of the case and further demonstrates that Appellant’s counsel is unable to
raise any arguable issues for appeal.[2]  We have likewise reviewed the
record for reversible error and have found none.

 

Conclusion

            As
required by Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App.
1991), Appellant’s counsel has moved for leave to withdraw.  See also In
re Schulman, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig.
proceeding).  We carried the motion for consideration with the merits.  Having
done so and finding no reversible error, Appellant’s counsel’s motion for leave
to withdraw is hereby granted and the appeal is dismissed.[3]

            By per curiam opinion
May 19, 2010.

                Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

(DO NOT PUBLISH)









                [1]
The child was six years old at the time of the assault.

 





                [2] Counsel has provided us with a
letter wherein he provided Appellant with a copy of his brief and advised
Appellant of the right to file a pro se brief.  Appellant was given time
to file his own brief in this cause.  The time for filing such a brief has
expired and we have received no pro se brief.

 





                [3] Counsel has a duty to, within
five days of the date of this opinion, send a copy of the opinion and judgment
to Appellant and advise him of his right to file a petition for discretionary
review.  See Tex. R. App. P.
48.4; In re Schulman, 252 S.W.3d at 411 n. 35.  Should Appellant
wish to seek review of this case by the Texas Court of Criminal Appeals, he
must either retain an attorney to file a petition for discretionary review on
his behalf or he must file a petition for discretionary review pro se. 
Any petition for discretionary review must be filed within thirty days from the
date of either this opinion or the last timely motion for rehearing that was
overruled by this court.  See Tex.
R. App. P. 68.2.  Any petition for discretionary review must be filed
with this court, after which it will be forwarded to the Texas Court of
Criminal Appeals along with the rest of the filings in this case.  See Tex. R. App. P. 68.3.  Any petition for
discretionary review should comply with the requirements of Texas Rule of
Appellate Procedure 68.4.  See In re Schulman, 252 S.W.3d
at 408 n. 22.